UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED PET SUPPLY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:11-CV-157 |
| v. | ) | No. 1:11-CV-193 |
| | ) | *Collier / Lee* |
| | ) | |
| CITY OF CHATTANOOGA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are competing motions to compel filed in both of the above referenced cases: a motion to compel and motion for sanctions filed jointly by all Defendants [1:11-cv-157, Doc. 43; 1:11-cv-193, Doc. 30] and a motion to compel and motion for protective order filed by Plaintiff United Pet Supply, Inc. [1:11-cv-157, Doc. 42; 1:11-cv-193, Doc. 29]. The Court held a hearing on the motions on May 30, 2012.

Under Fed. R. Civ. P. 26, the parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). For good cause, the court may also order discovery of any matter relevant to the subject matter of the action. The information sought need not be admissible in court and the burden of establishing relevancy is met where a party shows the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* There are, however, ultimate and necessary boundaries to discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994) (quoting *United States v. Guy*, 978 F.2d 934, 938 (6th Cir. 1992)). Thus, the

Court may limit discovery otherwise allowed by the rules. Fed. R. Civ. P. 26(b)(2)(C).

For the reasons set forth more fully during the hearing, Plaintiff's motion [1:11-cv-157, Doc. 42; 1:11-cv-193, Doc. 29] is **TERMINATED** as resolved and Defendants' joint motion [1:11-cv-157, Doc. 43; 1:11-cv-193, Doc. 30] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The parties advised the Court that their disputes concerning the production of certain documents regarding legal expenses and fees were in the process of being resolved and that the parties would jointly submit a proposed protective order shortly. Accordingly, the portions of the motions related to the discovery of information regarding legal expenses and fees are **DENIED AS MOOT**.

(2) Regarding Defendant McKamey's Interrogatory No. 7, the Court **ORDERS** Plaintiff to supplement the information previously provided and to fully answer subparts a, c, d, and e of Interrogatory No. 7.

(3) As for Defendant City of Chattanooga's Interrogatory No. 6, the Court **ORDERS** Plaintiff to provide Defendants with the requested information about employees of the Hamilton Place store, for the two year period prior to the time the store closed. The Court recognizes that this time period is longer than the time period originally stated by the Court in the hearing, but the Court finds it is an appropriate limitation to the time period given the Court's determination of the time period applicable to customer complaints addressed below. The parties may confer regarding the confidentiality of requested employee information and may include a provision regarding same in any proposed protective order.

(4) With regard to Defendant City's Interrogatory No. 7, which seeks information about customer complaints about the health, care, and welfare of animals offered for sale at Plaintiff's

Hamilton Place store, the Court **ORDERS** Plaintiff to provide to provide the requested information for a time period of two years prior to that store's closing.

(5) The supplemental information ordered by the Court, as well as the information the parties agreed to exchange amongst themselves,[1] shall be provided or exchanged within **21 days** from the date of the hearing.

The parties are forewarned that Fed. R. Civ. P. 37 provides for sanctions against any party who fails to properly participate in discovery, including contempt of court. In addition to monetary sanctions, possible sanctions that may be imposed against a party who disobeys a discovery order or fails to answer written discovery, include:

> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or

---

[1] The parties discussed, and apparently resolved, additional discovery issues not specifically identified in their motions. Pursuant to E.D. Tenn. L.R. 37.2, which states that "[a]ny discovery motion . . . shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion[]", the Court did not hear the discovery disputes not specifically identified. The parties commendably, however, appear to have resolved their remaining discovery issues. While the parties did not present the details of their resolution to the Court, they agreed the same 21 day period ordered herein would apply to their agreed upon supplementation of the discovery responses.

3

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(I-vii).

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

4

Case 1:11-cv-00157-CLC-SKL   Document 52   Filed 06/01/12   Page 4 of 4   PageID #: 831